FREDERICK LARK, Appellant, v. JOHN BANDE, Respondent.

June 12, 1877.

Where an arrest is made by an officer, on a statement of facts going to show that the party arrested had committed a felony, and it is afterwards shown that no felony had been committed, the party making the statement to the officer, if he did not direct or request the arrest to be made, is not liable to an action for a malicious arrest, or for false imprisonment.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

MARSHALL & BARCLAY, for appellant: To make the party making the charge to the officer liable, it is not necessary that he should have requested the arrest. — *Secor v. Babcock*, 2 Johns. 203; *Davis v. Noak*, 2 Eng. C. L. 434; *Milton v. Elmore*, 19 Eng. C. L. 470; *Morrey v. Miller*, 3 Leigh, 561; *Hickam v. Griffin*, 6 Mo. 37; *Roth v. Smith*, 41 Ill. 314; 8 Mo. 340; 48 Mo. 533.

GOTTSCHALK, for respondent.

BAKEWELL, J., delivered the opinion of the court.

The petition in this case, in substance, alleges that plaintiff, being at a date stated a citizen of good name and fame, the defendant, maliciously contriving to bring him into public scandal and infamy, and to injure him, caused plaintiff to be arrested without a warrant, on a charge of passing counterfeit money, and to be imprisoned for twenty-four hours in a common jail; that defendant had no probable cause for the

charge, and made it maliciously ; that such further proceedings were had that plaintiff was brought before a committing magistrate, and arraigned for the felony ; and proof being heard, and the court having considered and being advised concerning the matter, on the recommendation of the committing magistrate, plaintiff was discharged, and the charge and trial there ended ; by reason of all which, plaintiff was damaged $5,000. There was a general denial.

The testimony at the trial was to the effect that plaintiff went to the saloon of defendant, and offered a ten-dollar bill to be changed. Defendant at once said it was counterfeit. Plaintiff stated that he did not know it was counterfeit, and could satisfy defendant that he did not know it ; but defendant would listen to nothing ; said that he did not doubt the book-keeper, if called, would identify plaintiff as the rascal who had passed counterfeit money at that counter before. Defendant called a policeman, and said, " This man is trying to pass a ten-dollar counterfeit bill on me." The policeman at once arrested plaintiff ; and defendant and his wife accompanied the policeman and his prisoner to the station-house. This occurred at five o'clock, P. M. Plaintiff was confined at the station-house all night. At five o'clock next morning he was taken to the " Four Courts," in the prison van, in irons. At half-past ten o'clock, A. M., he was taken to the office of Mr. United States Commissioner Clarke, who was not in, but the United States District Attorney was there ; and he at once took the ten-dollar note to the Sub-Treasury, where it was pronounced good, and a new one given in its place, which the district attorney gave to the prisoner, telling him he might go home.

At the conclusion of plaintiff's case, the court instructed for a nonsuit ; and a motion to set the nonsuit aside having been overruled, plaintiff appeals.

Appellant's counsel speaks of this as an action for a malicious prosecution. There is testimony as to an arrest and

imprisonment, but there was no prosecution. No proceedings were commenced before any court or committing magistrate; there was no examination, and no information, and therefore there was no case of malicious prosecution; and if the arrest was made by competent authority, no questions arise of the existence or non-existence of probable cause, or of legal presumptions of malice from the want of probable cause. " There is no similitude or analogy," says Lord Mansfield, in *Johnstone* v. *Sutton*, 1 Term Rep. 544, " between an action of trespass for false imprisonment and this kind of action (malicious prosecution). An action of trespass is for defendant's having done that which, upon the stating of it, is manifestly illegal. This kind of action (malicious prosecution) is for a prosecution which, upon the stating of it, is manifestly legal."

A police-officer in St. Louis has the common-law and statutory powers of a constable; and the authority of a constable to arrest without warrant, in cases of felony, is most fully established. They are justified in arresting persons directly charged with felony. 5 Dane's Abr. 588; Bac. Abr., Constable, *c;* 1 Dougl. 359; *Bohan* v. *Sawin*, 5 Cush. 284; Rev. Ord. 1871, p. 158, secs. 4, 5. The question of the necessity of an immediate arrest is one to be determined by the officer, and not one to be reviewed elsewhere. *Burns* v. *Erben*, 1 Robt. 555.

The arrest made by the officer, in this case, was made upon the charge of felony then and there committed. The defendant did not himself make the arrest, nor did he direct the officer to do so. He stated to the officer what was false, but what, unjust and hasty as his action was, he may have believed to be true, and on his statement the policeman arrested the supposed offender. A great wrong has apparently been done to the plaintiff; but it does not follow that defendant is liable in this form of action, whether it be regarded as a proceeding for a malicious prosecution or for malicious arrest and imprisonment.

*Hopkins* v. *Crowe*, 7 Car. & P. 373, was a case where a livery-stable keeper, falling into a passion with one of his hack-drivers for bringing no money home, gave him in charge to a policeman on the charge of ill-using the horse. The charge was unfounded, and plaintiff was, next morning, dismissed before the magistrate. He sued his employer for false imprisonment; and Lord Denman said, in summing up: "If the defendant directed the police-officer to take the plaintiff into custody, he is liable in the present action for false imprisonment; but if he merely made his statement to the constable, leaving it with him to act or not, as he thought proper, — that is, if defendant said, in effect, 'You may take him if you think proper,' — then the defendant will not be liable, at least in this form of action."

In *Burns* v. *Erben*, 1 Robt. 555, the defendant Erben, suspected the plaintiff of a felony, and stated the suspicious circumstances to a policeman, who, after personal investigation of the premises where the felony was said to have been committed, arrested the plaintiff. She brought suit against the informant and the officer jointly, alleging that they maliciously, and with intent to injure her, illegally, and without warrant, arrested her, and compelled her to go to a police-station, and restrained her of her liberty. It was held that this was a statement of a cause of action for illegal arrest or false imprisonment, and not one for malicious prosecution; that in such an action the question of probable cause does not arise; that, the arrest being made by competent authority, there was no trespass; and that the action would not lie, even were the arrest maliciously procured, and without cause; and that one who merely states to the officer of police what he knows of the offence, and his opinion that there is ground for the arrest, but without making any charge or requesting an arrest, does not thereby make himself liable in an action for illegal arrest.

In *Huggins* v. *Toler*, 1 Bush, 192, where an action was

maintained for instigating an arrest, the arrest and imprisonment were not by an officer of the law, and were without color of law.

In *Mayberry* v. *Kelly*, 1 Kan. 116, the plaintiff was kept in prison for seven days without any examination, and so discharged ; the act was clearly a trespass.

In *Biard* v. *Householder*, 32 Pa. St. 168, the plaintiff was arrested on a void warrant.

In *Brown* v. *Chadsey*, 39 Barb. 253, the defendant asked a policeman to arrest plaintiff on suspicion of robbing a bank ; this the policeman refused to do. Defendant then charged the plaintiff with robbing a bank in Rhode Island, and directed the policeman to arrest plaintiff; which was done.

But we are referred to no case, and we know of none, in which the arrest has been made by a police-officer authorized to arrest without a warrant, without any express request or direction to the officer to make the arrest, but merely of the officer's own motion, after a statement of facts, or supposed facts, going to show that plaintiff had committed a felony, in which the person making the statement to the policeman has been held liable to an action for false imprisonment.

That one who falsely and maliciously accuses another of a crime, in consequence of which he is arrested, imprisoned, put to shame or to expense, is liable to an action for libel or slander, as the case may be, is held in many cases. *Bodwell* v. *Osgood*, 3 Pick. 379 ; *Heyward* v. *Cuthbert*, 4 McCord, 354. But that is not the remedy which the plaintiff in this action has thought fit to seek.

As there was nothing whatever in the evidence in this case showing that plaintiff had been prosecuted, illegally or otherwise, and as the arrest was made by an officer authorized to make an arrest on probable cause, without a warrant, and as the arrest does not appear to have been made at the direction of defendant, we think the court committed no

error in declaring, as a matter of law, that the plaintiff, on the evidence, was not entitled to recover in this action.

The judgment of the Circuit Court is affirmed. All the judges concur.