White v. Shradski.

W. W. WHITE, Respondent, v. B. SHRADSKI, Appellant.

Kansas City Court of Appeals, May 20, 1889.

1. Malicious Prosecution: WHAT IS NOT INSTIGATION OF PROSECUTION. Where the defendant and his attorney in their search for the police to procure protection met the city attorney, who inquired the cause of their trouble, and the attorney of the defendant, with no intention to set on foot a prosecution, related the facts, and thereupon, the city attorney notified them to appear the next morning before the recorder, and without any request so to do, of his own motion, filed the information and instituted the prosecution complained of, *held*, it was error to instruct the jury in effect that although the defendant did not sign the information, yet if he went to the city attorney and detailed the facts, or another person did so for him, and at his instance, and in his presence the writ was issued, or directed to be issued, without objection on his part, then the defendant commenced the prosecution within the meaning of the law.

2. ———: ELEMENTS OF : INSTRUCTION AS TO. The court approves the following instruction : To entitle plaintiff to recover, he must prove by a preponderance of evidence that defendant made, or caused to be made, or lodged, the complaint or information upon which plaintiff was arrested, and that he did so maliciously and without probable cause, etc., and if the complaint was not made nor signed by defendant, but by the prosecuting attorney upon his own motion, and without any request or procurement upon the part of defendant, and at his instigation, then the verdict should be for the defendant.

*Appeal from the Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

REVERSED AND REMANDED.

*G. F. Ballingall, Brown & Leavitt,* for the appellant.

(1) The court erred in giving instruction number 3 on behalf of respondent. Appellant could not become liable for the prosecution instituted against respondent by the city attorney, unless the same was commenced at his instance or request. The fact that the warrant was issued for respondent's arrest without objection from appellant after the statement of the facts to the city attorney by appellant or his attorney, and without any request on the part of either, for respondent's prosecution therein, does not make appellant liable for such prosecution. *Larke v. Bande,* 4 Mo. App. 186. (2) The second instruction asked for by appellant was improperly refused. What facts constitute a breach of the peace is a matter of law for the court, and not a question of fact for the jury ; and the jury should have been instructed, what were the acts and ingredients, under the law, of the offense with which respondent had been charged in the complaint, as alleged in his petition, so as to enable the jury to determine from the evidence whether there had been at the time of the prosecution probable cause for appellant to believe these acts constituting the offense charged had been committed by respondent. The instruction given by the court, on its own motion, is also erroneous, in that it fails to define the offense charged and submits that question to the jury. *Meysenberg v. Engelke,* 18 Mo. App. 346; 2 Thomp. on Trials, sec. 1628, p. 1186, and cases cited.

*Kagy & Brennerman,* for the respondent.

(1) Instruction number 3, given for respondent, objected to in point number 5, contains a correct statement of the law. *Larke v. Bande,* 4 Mo. App. 186,

cited by appellant, is where the arrest is for felony ; nor does it appear there that defendant followed up the prosecution ; there was no trial ; he gave no evidence, as in this case. The rule is different where the prosecution is for a misdemeanor, the offense not being committed in the presence of the arresting officer. If the officer act on appellant's information in such case, appellant must show his charge well founded. *Taafe v. Slevin*, 11 Mo. App. 507. The fact that the information was not subscribed by the appellant makes no difference. *Stone v. Stevens*, 12 Conn. 225 ; *Morriss v. Scott*, 12 Wend. 281. (2) Appellant's sixteenth point is faulty in this : His abstract of the evidence fails to show that the ordinance of the City of Kansas, under which the respondent was prosecuted before the recorder, was in evidence. This court will not reverse for alleged error in refusing an instruction which had no evidence to support it. *Utley v. Tolfree*, 77 Mo. 307. Nor is the offense of disturbing the peace of so technical a nature that the ordinary juryman would fail to understand it. If there was error, it was harmless.

GILL, J.—This is an action for malicious prosecution, wherein the plaintiff recovered in the circuit court a verdict and judgment for seven hundred and fifty dollars and defendant has appealed to this court.

The ground of plaintiff's complaint is that defendant Shradski maliciously and without probable cause instituted, or caused to be instituted, before the city recorder of the City of Kansas, a criminal prosecution charging the plaintiff White with a breach of the peace. Plaintiff, on a trial had before the recorder, was acquitted of the charge.

This cause was tried on the petition setting up the facts claimed by plaintiff, and defendant's answer, containing a general denial.

A very great many errors are alleged, mostly of a trivial nature—the larger number relating to the

instructions given or refused. We can see no substantial reasons against the court's rulings on questions of evidence, and only regret that we are forced to disapprove a portion of the law declared by the learned circuit judge, in a trial where it seems the industry and ingenuity of counsel were well taxed in drafting such a multitude of instructions. The court's action, in refusing, cutting out, and pruning away, a large number of these commentaries on the various phases of the law of malicious prosecution, was commendable, and the law, as declared by the court, was in the main correct as repeatedly held by the supreme court of this state.

But we must say that in giving plaintiff's instruction numbered 3 the court committed error. Said instruction reads thus:

"Although the jury may believe from the evidence, that the defendant Shradski did not, in fact, sign his name to the information filed against plaintiff in the recorder's court of Kansas City, Missouri, yet, if he went to the prosecuting attorney of said city, Mr. Williams, and detailed the facts to him, or if another person did so for him, and at his instance, and in his presence the writ for plaintiff's arrest was issued or directed to be issued, without objection on part of defendant, if you so find, then Shradski commenced the prosecution within the meaning of the law."

In the light of the issues of this case, and the testimony adduced at the trial, we regard the giving of this instruction a harmful error. Defendant in his answer denied that he instituted, or caused to be instituted, this proceeding before the city recorder, and, at the hearing of the case before the court and jury, defendant and witness Brown, in effect, sustained that denial.

The specific issue here was this: Plaintiff claimed that the warrant for plaintiff's arrest, issued by the recorder, was so issued on complaint, or information of city attorney Williams; and that Williams was so induced to act through and by request of Shradski the

defendant, but defendant's position is that he never advised, or requested, such prosecution, and as to this matter attorney Brown, for the defendant, testified as follows:

"The way we came to go to the office of Mr. Williams, the city attorney, was this, we went to see Chief Speers, and were informed that he had just left the station with Mr. Williams and we went there thinking to find the chief.

"The city attorney said that he was not there and asked what we wanted. I then sat down and told him the circumstances which occurred up there at the building, and told him that was what I wanted to see the chief about; Mr. Williams, said, "I can remedy that," or used words to that effect, and sat down and made out the complaint. He did not make it out upon the request or direction either of Shradski or myself, but of his own motion; Shradski made no affidavit; he didn't speak half a dozen words while we were there; all that was said, I said, I think; he did say this: Mr. Williams asked Shradski what were the words that he used, and he told him, and that is about all he did say; the city attorney then notified us to appear the next morning before the recorder; we appeared."

To the same effect the defendant testified, saying: That while looking for Chief of Police Speers (whom he was seeking rather as a protector, as he claimed, while entering upon and repairing the premises in dispute) he, Shradski, and Brown, his attorney, met Williams, the city attorney, the above conversation was had between Williams and Brown, and thereupon Williams, of his own motion, filed his information and instituted the prosecution complained of.

It may be conceded that one may be held liable for malicious prosecution when such person shall go to the prosecuting officer, relate certain facts and procure the officer's action in the matter. He is in that case an actor. He seeks the prosecuting officer with a view of

securing a prosecution, and relates the facts as he claims them to exist, for the purpose of inducing action. He then becomes a party to such prosecution, and is liable to the same degree as if the affidavit or information was made by him in person. But it is going too far to say that if a person should meet a prosecuting officer and to him detail certain facts ( and which as in this case are asked for by the officer ) that such person will be held as prosecutor where the warrant was issued and party prosecuted without his request or procurement.

The mere recital of what may have occurred, with no intention to put on foot a prosecution, is not of itself sufficient to charge one with malicious prosecution. Cooley on Torts, p. 187 ; *Larke v. Bande*, 4 Mo. App. 186.

The instruction number 3, asked by defendant and given, in a modified way, by the court more nearly conformed to the law as applicable to the case at bar. It declared to the jury, and correctly too, that to entitle plaintiff to recover, " he must prove by a preponderance of the evidence that defendant Shradski made, or caused to be made, or lodged, the complaint or information upon which plaintiff was arrested, and that he did so maliciously and without probable cause," etc., and if the complaint was not made nor signed by defendant, but by the prosecuting attorney, " *upon his own motion,* and without any request or procurement upon the part of defendant Shradski or at his instigation," then the verdict should be for the defendant. This instruction gave the defendant opportunity for his defense, to-wit : That he did not procure, cause, or instigate such prosecution, but only that he accidentally met the city attorney when searching for the police officer to go with him and protect his person while repairing his house, and that he, or Brown, the attorney, simply related the occurrences at Mrs. Stark's ( and just, too, as they

occurred ), and that, too, without any request or suggestion of arresting and prosecuting the plaintiff White. But plaintiff's instruction number 3 practically shut out this defense and held defendant as the procuring cause of such prosecution at all events.

For the reasons here assigned, the judgment of the circuit court must be reversed, and the cause remanded. The other judges concur.