THE STATE ex rel. FIREMAN'S FUND INSURANCE COMPANY and LEWIS S. STUBBS v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

Division One, June 16, 1922.

1. **FALSE IMPRISONMENT**: Liability of Non-Participating Defendant: Certiorari. It is the established rule in this State, and was so announced in McMannus v. Lee, 43 Mo. 206, and Cooper v. Johnson, 81 Mo. 1. c. 488, that before one may be held for damages for the wrongful arrest of another, it must appear that such person either assisted, or by some means gave evidence that he directed, countenanced or encouraged the same; and the Court of Appeals contravenes said decisions in holding that the connection of an insurance company and its agent, who had issued a policy upon a stolen automobile, with plaintiff's arrest was sufficiently established to support a verdict by the fact that the agent, upon being informed by the owner that he had notified the police and that officers were then watching the car, went to the place where an officer was guarding the car and keeping watch to pick up the thief when he appeared to claim it, and said to the officer that if he would "take care of the car" he would "fix it up" with him, and then, beginning to examine the car for the purpose of comparing engine and factory numbers, was told by the officer not to make the examination, that he had better not be seen there, as his presence might frighten away the thief, whereupon the agent left and went to his place of business, without having made any further suggestions. The insurance company could be held liable only through the acts of its agent, and what the agent said to the officer

related to the care of the car, and having said nothing about arrest-
ting any one the facts did not connect him with the subsequent
arrest.

2. ———: ———: **Failure to Identify Stolen Property.** The Supreme
Court has never decided that one can be held for damages for false
imprisonment for negligently failing to identify stolen property
in the hands of an officer; and particularly is such person not liable
for lack of diligence to identify, when he has been directed by the
officer not to do so.

## Certiorari.

## OPINION OF COURT OF APPEALS QUASHED.

*Robert A. Brown* and *Richard L. Douglas* for rela-
tors; *Scarritt, Jones, Seddon & North, amici curiae.*

(1) The plaintiff in the court below wholly failed
to show any wrongful conduct upon the part of defend-
ants, or either of them, and respondents as the Kansas
City Court of Appeals erred in holding that the cause
should have been submitted to the jury, and that defend-
ants' demurrers were properly overruled. The decision
and opinion of respondents in so holding is in conflict
with and overrides the decisions of this court in Cooper
v. Johnson, 81 Mo. 489, and McMannus v. Lee, 43 Mo. 208.
(2) Relators upon appeal to the Court of Appeals com-
plained of the action of the court below in giving and
refusing instructions, and also complained that error
had been committed in permitting the jury to disregard
relators' instructions and to find their verdict contrary
to the law as declared by said instructions. The re-
spondents by their decision and opinion entirely over-
looked and failed to consider the above points and each
of them; and refused to grant relators a rehearing after
respondents' attention had been specifically directed to
their oversight, by relators' motion for rehearing. The
action of the Court of Appeals in overlooking and re-
fusing to consider or comment upon the points raised
by relators in their brief, was in defiance of the law of

this State, as declared by controlling decisions of this court; and under the powers conferred upon this court by the Constitution the opinion of said Kansas City Court of Appeals should be quashed. Adair v. Term. Ry. Co., 282 Mo. 154; Section 8, Mo. Constitution, Amendment of 1884.

*W. B. Norris* and *John S. Boyer* for respondents.

(1) On *certiorari* to quash the opinion of the Court of Appeals the burden is upon relator to point out wherein such opinion is in conflict with the previous decisions of this court, which relator has done by stating that the opinion of the Court of Appeals is in conflict with the cases of Cooper v. Johnson, 81 Mo. 483, and McMannus v. Lee, 43 Mo. 206. If such opinion is not in conflict with the above-mentioned cases, then it is wholly immaterial whether the opinion of the Court of Appeals is right or wrong, as such court has jurisdiction to decide wrong as well as to decide right. The only question now to be considered is, whether such opinion contravenes the principle of law as announced in the above-mentioned cases. State ex rel. Theological Seminary v. Ellison, 216 S. W. 967; State ex rel. Arel v. Farrington, 272 Mo. 157; State ex rel. Const. Co. v. Reynolds, 279 Mo. 493; State ex rel. Mechanics' Am. Natl. Bank v. Sturgis, 276 Mo. 559; State ex rel. St. Ry. Co. v. Ellison, 224 S. W. 820; State ex rel. Abbott v. Bradley, 223 S. W. 98. (2) The entire evidence was before the Court of Appeals, but only such portions of it can be considered here in this proceeding as appears from the opinion. The opinion does not pretend to set out all of the evidence. It sets out but part of it. The relators now attempt in this proceeding to have this court examine the testimony to determine *de novo* whether there was evidence to take the case to the jury, which cannot be done on *certiorari*. State ex rel. Am. Cent. Ins. Co. v. Reynolds, 232 S. W. 683; State ex rel. Ry. Co. v. Reynolds, 226 S. W. 564; State ex rel. Dunham v. Ellison, 278 Mo. 649; State ex

rel. Abbott v. Bradley, 223 S. W. 98. (3) Under the latest rulings of this court, this court does not determine whether the Court of Appeals erred in its application of the rules of law as stated in the cases of Cooper v. Johnson and McMannus v. Lee, to the facts in this record, but only whether the Court of Appeals, in announcing the law of the case upon the facts as stated in its opinion, failed to follow the last previous ruling of this court. So, the question now presented is, whether the general principle of law as announced by the Court of Appeals in its opinion is contrary to the conclusion of this court in the above-mentioned cases, the facts in the cases being in no way similar to the facts· in this record. State ex rel. Peters v. Reynolds, 214 S. W. 121. (4) The conclusions reached by the Court of Appeals do not endanger. a conflict with the rule of law as stated by this court in the above-mentioned cases. State ex rel. Jenkins v. Trimble, 236 S. W. 651; State ex rel. Trust Co. v. Reynolds, 278 Mo. 695; State ex rel. Packing Co. v. Reynolds, 230 S. W. 642. (5) Relator contends that the Court of Appeals failed to follow the rule of law announced by this court in the cases of Cooper v. Johnson and McMannus v. Lee, in holding that the demurrer to the evidence should not have been sustained in the lower court. The opinion of the Court of Appeals does not set out all of the evidence. This court therefore will not presume that the evidence was insufficient to justify such action on the part of the lower court, inasmuch as all the evidence is not before this court in this proceeding. The Court of Appeals in its opinion held that there was sufficient evidence for the case to be submitted to the jury under the general rule of law as laid down by this court in the above-mentioned· cases. State ex rel. Scullin v. Robertson, 187 S. W. 34. (6) Relators complain that the Court of Appeals refused to consider the points made in their brief which referred to the giving and refusing of instructions, and as evidence of such contention refer to their motion for rehearing filed in the cause in the Court of Appeals. This

court held in the case of State ex rel. McNulty v. Ellison, 278 Mo. 42, 210 S. W. 881, that: ''such a motion does not prove itself and can be proved only by the record, and the record this court does not examine, but only the opinion filed by the Court of Appeals.'' If the fact be as contended for by relators (which we deny), that the Court of Appeals did not consider the various contentions made by relators in the case pending before it, no case has been cited by relators in which such action on the part of the Court of Appeals is in conflict with any prior ruling of this court.

GRAVES, J.—*Certiorari* to the Kansas City Court of Appeals. The action out of which this proceeding grows was the case of Hines v. Fireman's Fund Insurance Company and Louis S. Stubbs. The insurance company, supra, issued to one Charles E. Quinn of St. Joseph an insurance policy in the sum of $315. Stubbs was an agent for the company. After the issuance of the policy the car was stolen, and upon proof of loss the company paid Quinn the amount of his policy. Later Quinn thought that he recognized this car upon the streets of St. Joseph, and called upon the insurance agent, Stubbs, to get the number of the car, but not getting Stubbs, Quinn called up the police department and informed them that he thought he had found the stolen car and requested that officers be sent to look after the matter. The department sent two officers, who secreted themselves and were watching the car.

Upon Stubbs's return to the office and upon learning of Quinn's telephone message as to the car, and Quinn's desire for the number of the car, Stubbs called up the chief of police, and asked if Quinn had notified him about the stolen car, and was informed that Quinn had notified him and that men (police) had been sent out to look after it. The foregoing, in our language, are facts from the Court of Appeals opinion. From this point however the opinion of the Court of Appeals had better speak:

"Stubbs then called up Quinn and asked what had been done in regard to the matter, and when told by Quinn that he had notified the police department and that officers were already there watching the car Stubbs said, 'That is fine,' or words to that effect.

"Stubbs then went to Quinn and asked him if he would swear that the car standing in Felix Street was his car that had been stolen. Quinn replied that he could not so swear, because he was not positive, and that he did not know the number of the stolen car. Stubbs, at the time, had the number of the stolen car on a piece of paper.

"Stubbs then went over to the place where Officer Reynolds was standing guarding the car. Officer Reynolds testified that he was there watching the car to take it to the police station, and to pick up the party who claimed to own it when the latter came to get the car. Stubbs then told the officer that if he would *take care of the car* he (Stubbs), would 'fix it up with him and give him a Christmas present.' Stubbs then started to make an examination for the purpose of comparing engine and factory numbers of the stolen car with those of the suspected car, when Reynolds advised that he had better not do it, and that he had better not be seen there, as his presence might frighten away the person who had left the car. Thereupon Stubbs left and returned to his place of business, without having made any further suggestions. The arrest and incarceration of plaintiff followed, as above detailed."

Hines sued and recovered judgment for $880, and this judgment the Court of Appeals affirmed. Hines was admittedly falsely imprisoned. His arrest was after Stubbs had left the scene of action by direction of the policeman. The insurance company could not be liable, save through the acts of Stubbs, and the acts of Stubbs fully appear from the foregoing. The Court of Appeals, on these facts, ruled:

"We think that under the facts in this case as disclosed by the record, the connection of defendants with

the arrest and imprisonment is sufficiently established to support the verdict and judgment, and further, that defendants were chargeable with lack of due diligence in not having attempted to identify the car of plaintiff with the one that was stolen.''

The word ''defendants'' in the foregoing excerpt from the opinion refers solely to the.two relators here. Other defendants, originally sued, seem to have dropped out of the case, the verdict of the jury being only against the relators in this present proceeding.

The question is, does the foregoing ruling, upon the foregoing facts, contravene our rulings?

I. It is urged that the Court of Appeals refused to examine alleged errors assigned as to instructions. It is true that no word is found in the opinion upon this subject. But with the view we have of the case upon another proposition it is not necessary to comment upon this point. It is singularly true that the opinion mentions no points made as to instructions, save and except the demurrers to the evidence. It does not even say that there was no substance in other points made. The case was a hotly contested one, by able lawyers upon the respective sides thereof, and fairly debatable questions as to instructions (given or refused) are usually noted in court opinions. Upon this matter, for the reason indicated, we go no further at this time.

II. The established rule in this State is that before one may be held for the wrongful arrest of another, it must appear that such person either assisted in the arrest, or by some means gave evidence that he directed, countenanced, or encouraged the same. [McMannus v. Lee, 43 Mo. 206; Cooper v. Johnson, 81 Mo. l. c. 488-489.] In the first case, supra, it is said:

''But on the other hand, it is to be borne in mind that mere presence at the commission of a trespass or other wrongful act does not render a person liable as a participator therein. If he is only a spectator, innocent

of any unlawful intent, and does not act to countenance or approve those who are actors, he is not to be held liable on the ground that he happened to be a looker-on and did not use active endeavors to prevent the commission of the unlawful acts.''

The opinion of the Court of Appeals rules ''that defendants were chargeable with lack of due diligence in not having attempted to identify the car of plaintiff with the one that was. stolen.'' That is, that there was a duty upon them to prevent an arrest, if they had it within their power so to do. It must not be overlooked that Stubbs gave no directions to the police force. The policemen were on the ground watching the car before Stubbs heard of the matter, and before he asked the chief of police if Quinn had reported to the police. The officers of the law were in charge of the situation before Stubbs even reached his office, after Quinn had called for the number of the car. Whether they were there at the request or direction of Quinn, or on motion of the chief of police, is immaterial to Stubbs and his insurance company. They were on the ground, and when he came and undertook to examine the number of the car he was directed by the officer in charge not to do so.. It is true that the Court of Appeals finds: ''Reynolds testified that he was there watching the car to take it to the police station and pick up the party who claimed to own it, when the latter came to get the car. Stubbs then told the officer that if he would *take care of the car,* he (Stubbs) would 'fix it up with him and give him a Christmas present.' '' Stubbs said nothing about arresting any person. The fair construction of this language is that if the officer would care for the car he would reward him. The court in. the opinion sets out the following questions to and answers from Stubbs.

''Q. On the contrary you said if he took the car down to the station and if it was Quinn's car you would make him a present? A. Didn't say I would make him a present.

"Q. Compensate him? A. Compensate him for expenses."

It was evidently upon this testimony, and that of the officer that the Court of Appeals found the fact we last above quoted.

On the facts found we think the court's ruling contravenes the two opinions from this court. The facts found fail to connect Stubbs with the arrest of plaintiff, under the rule stated in those cases. The only suggestion from Stubbs was as to the *car* and not to the man, or his arrest. For illustrative cases, much stronger on the facts, than this case, see Lark v. Bande, 4 Mo. App. 186; White v. Shradski, 36 Mo. App. 635; Zinkfein v. W. T. Grant Company, 236 Mass. 228.

Certain it is our cases in this court, and in this State, do not go so far as to hold that one can be held in damages for negligently failing to find out the facts going to identity, and this too after he had been directed not so to do by the officer in charge of the case, which officer was not even there at the request or direction of the party.

The Court of Appeals' opinion, and the judgment based thereon, should be quashed, and it is so ordered. All concur, except *Woodson, P. J.,* absent.