230 S.W.2d 758 (1950)
HOOCK
v.
S. S. KRESGE CO. et al.
No. 41748.
Supreme Court of Missouri, en Banc.
June 13, 1950.
*759 Wayne Ely, Ernest D. Grinnell, Jr., St. Louis, attorneys for defendants-appellants.
John W. Joynt, St. Louis, attorney for respondent.
CONKLING Judge.
Theodore P. Hoock, plaintiff-respondent, recovered a judgment for $7500 damages for alleged false arrest against S. S. Kresge Company and R. D. Cox, defendants-appellants. From that judgment an appeal was taken to the St. Louis Court of Appeals. That court, 222 S.W.2d 568, reversed the trial court's judgment, and ruled that it was neither proved nor legally inferable that appellants caused respondent's arrest. Upon respondent's motion we transferred the cause here, Article V, Sec. 10, Constitution of Missouri, 1945, Mo.R.S.A., for the re-examination of that question. We determine the case as if here on original appeal.
Our study of the transcript of the record reveals that the opinion of the Court of Appeals carefully and fully states the facts presented by the record of the case. Respondent does not here contend the contrary. In the interest of brevity we shall not here restate those facts, except as such restatement is required by our discussion. Reference is made to the Court of Appeals' opinion for other facts.
It is alleged in respondent's petition that "defendants * * * caused * * * plaintiff to be arrested by a police officer of the city of St. Louis, Missouri", and to be carried through the streets to the police station, etc. That was respondent's trial theory. His case was submitted upon that theory. In respondent's motion to transfer, it is said that, "Any action of Cox (Kresge's store manager) in instigating, assisting, directing, countenancing or encouraging respondent's arrest is sufficient to make out a (jury) case for respondent. And these facts, or any of them may be proved by circumstantial evidence." It may be conceded that if there is sufficient circumstantial evidence to warrant an inference that Cox caused respondent to be arrested on the occasion in question, the case is then one for the jury, and the judgment of the circuit court must be affirmed. *760 But it is a judicial function to determine whether evidence is substantial and whether certain circumstances, as a matter of law, warrant a certain inference.
In its opinion the Court of Appeals adopted and restated the rule announced by this court in State ex rel. Firemen's Fund Ins. Co. v. Trimble, 294 Mo. 615, 242 S.W. 934, 935, and in Snider v. Wimberly, 357 Mo. 491, 209 S.W.2d 239, 241, that a submissible case for false arrest is made if it appears that defendant "directed, countenanced or encouraged", or "directed, advised, countenanced, encouraged, or instigated it." Even under the rule of those cases the Court of Appeals held that respondent was bound by the testimony of his witness Cox (as given in Cox's deposition introduced by appellant) that Cox neither instigated nor countenanced respondent's arrest, but had merely answered the questions asked of him by a police officer.
It is true that respondent was in appellant's store and that a saleslady therein reported to Cox that she thought she saw respondent drop the obscene note which set in motion the action taken by defendant. It is true that with that note in his hand Cox soon thereafter accosted respondent upon the street not far from the store and told respondent that if, "I ever saw him hanging around that neighborhood again I was going to give him a damned good beating." Cox said nothing about arrest. But when walking away from that point Cox was stopped by a police officer and was asked the cause of his conversation with respondent. Cox showed him the note and told him it was the third obscene note found in the store. Cox further told the police officer, " * * * as far as I was concerned I had done all that I wanted to do; all I wanted to do was keep the man away from the store and stop molesting the girls." The police officer said, "Why he can't get away with that", and started after respondent and after talking with respondent, arrested him. Cox testified he did not request the officer, or anyone, to arrest respondent. And there is no evidence that Cox did so, or that he had any other connection whatever with the arrest.
The sole question for determination here is whether these facts warrant an inference contrary to the only direct evidence in the case upon the question, i. e., that Cox did not request or instigate respondent's arrest by the police officer. Respondent introduced Cox's testimony. That testimony of Cox is not controverted by any other testimony in this record. Respondent is bound by Cox's testimony (and respondent made no jury case) unless from the circumstances of record, the jury were warranted in drawing an inference directly contrary to Cox's direct testimony that he did not cause respondent's arrest. Holmes v. McNeil, 356 Mo. 846, 204 S.W.2d 303.
To us it seems significant that Cox did not even seek out or voluntarily report the matter to a police officer. A nearby traffic police officer came off his beat as Cox was returning to the store and interrogated Cox, saying, "What is the matter, Cox, are you having some trouble with that fellow?" Cox answered: "Yes, that is the third note we got like that." Cox handed the police officer the obscene note. Respondent who was nearby, did not testify that Cox by word or by gesture caused his (respondent's) arrest. It is, of course, true that if one directs or causes a police officer to take a citizen into custody he is liable for unlawful arrest, but it is also true that if one but states the facts, as he believes them to be, to a police officer, and leaves it to the officer, to act or not, to arrest or not as the police officer, under the facts, sees fit to do, that the one so reporting such facts is not liable for the independent action of the police thereafter taken. Vimont v. S. S. Kresge Co., Mo.App., 291 S.W. 159, Lark v. Bande, 4 Mo.App. 186, State ex rel. Firemen's Fund Ins. Co. v. Trimble, supra, Clark v. Whitaker, Mo.App., 173 S.W.2d 586, 590, Snider v. Wimberly, supra.
It is our conclusion that there are no facts or circumstances of record in this case which would warrant an inference by the jury that Cox instigated, encouraged, *761 countenanced or caused respondent's arrest. Therefore, respondent is bound by the affirmative testimony of Cox that the latter did not cause or instigate the arrest. The respondent, therefore, did not make a case which could be submitted to the jury.
It is true that, at the special solicitation and request of the police officer, Cox furnished some information to the police officer. Whether that information was correct or incorrect is not determinative of the question now before us. More is required to be shown than the mere furnishing of even wrong information to a police officer before, under the authorities, it is to be held that it is inferable that one thereby instigated, countenanced, advised or caused an arrest. Snider v. Wimberly, supra, Vimont v. S. S. Kresge Co., supra, State ex rel. Firemen's Fund Ins. Co. v. Trimble, supra.
The opinion of the Court of Appeals, 222 S.W.2d 568, correctly ruled the case. The defendants' motions for a directed verdict should have been sustained by the trial court. It is therefore unnecessary to rule the other assignments of error. Such claimed errors were harmless where, as here, upon the entire record no case was made for the jury. O'Dell v. Dean, 356 Mo. 861, 204 S.W.2d 248. The judgment of the circuit court is reversed. It is so ordered.
All concur.