**Baldasaro PALMENTERE, Appellant,**

v.

**William J. CAMPBELL et al., Appellees.**

**No. 17746.**

United States Court of Appeals
Eighth Circuit.

April 20, 1965.

See also, 205 F.Supp. 261.

William J. Gilwee, Kansas Cty, Mo., for appellant.

Douglas Stripp, Kansas City, Mo., for appellees. Clayton R. Smalley, Kansas City, Mo., was on the brief with Douglas Stripp, Kansas City, Mo., for appellees Campbell, Cox, Gardner, Kellner, Schmidt & Sifers.

David H. Clark, Kansas City, Mo., on brief for appellee Leighton.

George T. O'Laughlin, Kansas City, Mo., on brief for appellees Campbell, Cox, Kincaid & Rogers.

Lowell L. Knipmeyer, William R. Fish, of Knipmeyer, McCann & Millett, Kansas City, Mo., filed brief for appellee Ralph G. Martin.

Roy A. Larson, Jr., Kansas City, Mo., filed brief for appellee William R. Stanley.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff Baldasaro Palmentere has appealed from final judgment dismissing his complaint against defendants William J. Campbell, LeRoy Cox, James E. Gardiner, Gordon Kellner, Russell G. Kincaid, Alfred Lighton, Ralph G. Martin, Robert M. Rogers, Raymond Schmidt, Clarence R. Sifers and William R. Stanley,[1] upon their motions to dismiss made pursuant to Fed.R.Civ.P. 41(b) at the close of plaintiff's case upon the ground that plaintiff has wholly failed to prove that defendants or any of them in any way had ordered, instigated, participated in, approved or condoned the alleged arrest of the plaintiff.

The defendants involved in this appeal were all members of a Grand Jury impanelled by the Circuit Court of Jackson County, Missouri. Defendant Kellner served as foreman of the Grand Jury. In this opinion, the word "defendants" will be used to describe the eleven Grand Juror defendants heretofore named collectively.

Plaintiff in his complaint states that he is bringing this action to redress the deprivation under color of state law of a right, privilege and immunity granted him by the Fifth and Fourteenth Amendments to the Constitution of the United States and that jurisdiction exists under 28 U.S.C.A. §§ 1331 and 1343, and 42 U.S.C.A. § 1983. We have serious doubt whether the trial court acquired jurisdiction. See Rhodes v. Meyer, 8 Cir., 334 F.2d 709, 711–712; Garfield v. Palmieri, E.D.N.Y., 193 F.Supp. 582, 586, aff'd 2 Cir., 290 F.2d 821.

A determination of the question of whether the Grand Jurors were acting in their official capacity under color of state law or as individuals would appear to be relevant upon the issue of jurisdiction as well as upon the issue of judicial immunity which we do not reach. The trial court found that the defendants had no part in the arrest and consequently did not reach the issue of whether defendants were acting as officials or individuals. We agree with the trial court's conclusion that the plaintiff has failed to establish that the defendants had any part in plaintiff's arrest and hence for the purpose of this case, we have chosen to assume without so deciding that jurisdiction exists.

On April 24, 1961, when plaintiff arrived at the Grand Jury quarters in response to a subpoena, the bailiff directed him to the witness room adjoining the Grand Jury room. The Grand Jury was meeting that day with all defendants present. At about 10:30 a. m. while plaintiff was seated in the witness room, he and other witnesses in the room were arrested by the Kansas City police officers and taken to jail. The police record shows the plaintiff was arrested at 10:30 a. m. on April 24, 1961, and held for an investigation and also shows the following: "REFUSED TO GIVE ANY INFORMATION Booked for investigation in connection with recent criminal activities in this city On authority of Asst. Prosecutor Ben Hudson Hold for County Grand Jury."

---

1. The printed record before us failed to show that the judgment entered was a final judgment. The record shows that this action was also brought against an additional Grand Juror now deceased, a prosecuting attorney and a number of police officials. Additional record now certified to us shows that the action was dismissed as to all defendants other than the eleven Grand Jurors involved in this appeal before the appeal was taken. Hence, it is now established that the judgment appealed from is a final judgment and this court has jurisdiction to consider the appeal.

Plaintiff was released upon a writ of habeas corpus about 2:30 p. m. the same day. Plaintiff after his release reported to the Grand Jury and was then examined for the first time as a witness. Other facts will be set out in the course of the opinion.

The trial court as a basis for sustaining the motions of the defendants to dismiss made findings of fact inter alia, stating:

"There isn't any evidence that this Court can find that any of the grand jurors, with the possible exception of the foreman of the grand jury, had anything whatsoever to do with the plaintiff's arrest. In fact, I believe the evidence to be to the contrary, as shown by the interrogatories that have been introduced in evidence and some admissions against interest contained in their depositions introduced in evidence.

"There is no evidence that they brought about the arrest of the plaintiff, and therefore, would not be liable. There is no evidence that they acted as a grand jury.

\* \* \* \* \*

"[I]t is the conclusion of the Court that this evidence is insufficient to show liability on the part of the grand jurors and that includes Kellner, the foreman.

\* \* \* \* \*

"There isn't any evidence that Kellner did anything to bring about the arrest, nor did he do anything to prevent it. He stated that he assumed the police had a right to do what they were doing.

"The police have no power over the grand jury nor did the grand jury have any control over the police department. I do not believe, gentlemen, that this evidence is sufficient

to show that his inaction, his failure to do something to stop the police would render him liable."

Plaintiff's principal contention upon appeal is that the court erred in making the findings above set out and in holding that the evidence was insufficient to meet the burden of proof imposed upon the plaintiff to establish his claim that the defendants were legally responsible for his arrest. It may be assumed for our purposes that the arrest was unlawful.[2]

The issue before us is whether plaintiff has met the burden imposed upon him to establish legal responsibility on the part of the defendants for the arrest. A discussion of the standards of review here applicable appears appropriate.

 Plaintiff contends that upon review of the judgment here attacked, he is entitled to have the evidence viewed in the light most favorable to him and that he is entitled to have the benefit of inferences that may reasonably be drawn from the evidence. Such is the recognized rule on review of directed verdicts in cases tried to a jury. Cases cited by plaintiff to support his position are cases which were tried to a jury. Here the case was tried to the court without a jury and the court was the finder of facts. In cases tried to the court without a jury, the rule is:

"[O]n a motion made under Rule 41(b), the judge, when sitting without a jury, must weigh and evaluate the evidence in the same manner as if he were making findings of fact at the conclusion of the entire case. The Rule also provides that these findings of fact shall be made 'as provided in Rule 52(a)', and the defendant validly reasons that since Rule 52(a) states that findings of fact shall not be set aside unless clearly erroneous, that test must apply in our review of the district

2. Section 491.220 V.A.M.S. provides: "Witnesses shall be privileged from arrest in all cases, except treason, felony and breach of the peace, during their attendance on any court, or where their attendance is required by subpoena, and

in going to and returning thence, allowing one day for every twenty miles from their abode." There is no evidence that any of the statutory exceptions here apply.

court's findings in this case." Benton v. Blair, 5 Cir., 228 F.2d 55, 58. To like effect, see Southern Arizona York Refrigeration Co. v. Bush Mfg. Co., 9 Cir., 331 F.2d 1, 6; O'Brien v. Westinghouse Elec. Corp., 3 Cir., 293 F.2d 1, 9; Penn-Texas Corp. v. Morse, 7 Cir., 242 F.2d 243, 246; Huber v. American President Lines, 2 Cir., 240 F.2d 778, 779; Allred v. Sasser, 7 Cir., 170 F.2d 233, 235.

> "To support a judgment for damages for false imprisonment the burden is upon the plaintiff both to plead and to prove one of two things, either (1) that the defendant made the unlawful arrest and participated in the unlawful restraint or (2) that the defendant affirmatively instigated, encouraged, incited, or caused the unlawful arrest." Burlington Transp. Co. v. Josephson, 8 Cir., 153 F.2d 372, 376.

See Richardson v. Empire Trust Co., 230 Mo.App. 580, 94 S.W.2d 966, 970.

■ There is no real dispute between the parties as to the law applicable to false imprisonment. In Knupp v. Esslinger, Mo.App., 363 S.W.2d 210, 213, cited by plaintiff, the court states: "It is thoroughly settled law that a person is liable for a false arrest made by another if he 'directed, advised, countenanced, encouraged, or instigated' such arrest. Snider v. Wimberly, 357 Mo. 491, 209 S.W.2d 239."

■ 35 C.J.S. False Imprisonment § 39, cited by plaintiff, states that one may become liable for a false imprisonment by conduct amounting to an adoption or ratification of a wrongful arrest or detention.

■ An affirmative act is necessary to render one liable for false imprisonment. Consent to or acquiescence in the acts of another for which one is not otherwise responsible cannot be used as the basis of the imposition of liability for false imprisonment. See Triangle Motors Co. v. Smith, 216 Ky. 479, 287 S.W. 914; Hoock v. S. S. Kresge Co., Mo.App., 222 S.W.2d 568; State ex rel. Fireman's Fund Ins. Co. v. Trimble, 294 Mo. 615, 242 S.W. 934; 22 Am.Jur. False Imprisonment § 30; Annot. 10 A.L.R. 1322.

In State ex rel. Fireman's Fund Ins. Co. v. Trimble, supra, the court reaffirms and quotes from McMannus v. Lee, 43 Mo. 206, as follows:

> "'But, on the other hand, it is to be borne in mind that mere presence at the commission of a trespass or other wrongful act does not render a person liable as a participator therein. If he is only a spectator, innocent of any unlawful intent, and does no act to countenance or approve those who are actors, he is not to be held liable on the ground that he happened to be a looker-on and did not use active endeavors to prevent the commission of the unlawful acts.'" 242 S.W. 934, 935.

■ In Richardson v. Empire Trust Co., supra, the court holds: "A cause of action for false imprisonment cannot be based upon a mere negation or failure to speak or act, but can only be based upon some affirmative act instigating thereto." 94 S.W.2d 966, 971.

We shall now examine the facts as disclosed by the record in light of the law as above stated. Plaintiff has offered no direct evidence which establishes that any defendant instigated, encouraged, incited, caused or ratified plaintiff's arrest. Plaintiff contends that he has offered evidence from which participation may be inferred. We will discuss a few of his principal contentions.

A deposition of defendant Kellner, the foreman of the jury, discloses that at the beginning of the Grand Jury session about March 17, 1961, it was called to the attention of the jury that the F.B.I. would love to have pictures of some of the Kansas City hoodlum class appearing before the Grand Jury. Upon objection of the defendants, Kellner being present, the court properly ruled that the deposition was admissible only as to Kellner as an admission against interest. There is no evidence whatever that any Grand Jury action was taken upon the suggestion or that the suggestion included the

plaintiff, who was called as a witness a month later.

There was a phone in the Grand Jury room. Plaintiff insists that inference should be drawn that prosecutor Hutson directed the plaintiff's arrest by use of such phone in the presence of the Grand Jury. There is no proof as to how or when Hutson may have communicated to the police any suggestion that the plaintiff be arrested. The defendants filed answers to interrogatories and those who were questioned about phone calls all denied hearing or paying any attention to any phone calls Hutson might have made. Hutson's suggestion, if made, could readily have been conveyed to the police prior to the convening of the Grand Jury or by means of communication other than the phone in the Grand Jury room. We find no reasonable basis for an inference that the phone call was made from the Grand Jury room in the presence of the Grand Jury.

Plaintiff states that the Grand Jurors were charged with the statutory duty to keep the names of the witnesses before it secret. There is no basis which compels an inference that any Grand Juror violated such obligation. The testimony is to the effect that the scheduling and subpoenaing of witnesses was all arranged by the prosecuting attorney's office and that the identity of witnesses was not known to the Grand Jury until the witnesses testified. Plaintiff had not testified prior to his arrest. Plaintiff had no prior acquaintance with the Grand Jurors and none of the Grand Jurors knew the plaintiff.

If as plaintiff contends, the arrests were instigated by prosecutor Hutson, it is clear from the record that he had information as to the identity of the witnesses and needed no information in this respect from any Grand Juror.

Plaintiff testified that after his arrest he protested that he had no previous criminal record and that thereupon an officer walked to the jury room and came back and told him that he would have to go to the police station. There is no basis for determining who, if anyone, the offi-

cer talked to. No inference is compelled that the officer received any instructions with respect to plaintiff's arrest from the Grand Jury or any member thereof.

█ Plaintiff testified that while he was in a corridor of the courthouse in custody of the police, a group of men whom he later learned were Grand Jurors came out of the jury room and passed him on the way to the elevators; that he was loudly protesting about his arrest. He further testified that none of the Grand Jurors said or did anything to interfere in any way. Such evidence does not establish affirmative action on the part of the defendants. It is not the function of the Grand Jury to interfere with the police in the performance of their duties.

█ Grand Juror Gardiner, who acted as clerk, kept an informal record of the Grand Jury proceedings. After the discharge of the Grand Jury and before the commencement of this action, Gardiner threw away such notes. Plaintiff claims that this destruction is circumstantial evidence that appellees disregarded the law prohibiting disclosure of the identity of Grand Jury witnesses. No secondary evidence was introduced to show the contents of the record kept. Without such evidence, no inference of the kind claimed is compelled. See Standard Oil Co. v. Stubbs-Auckland Oil Co., 221 Iowa 489, 265 N.W. 121, 124; 31A C.J.S. Evidence § 153.

█ In our view, even if the evidence is judged in the light most favorable to the plaintiff which was the standard used by the trial court as reflected by his findings, the court was warranted in determining that the plaintiff had not established a prima facie case against the defendants. When the case is reviewed as it should be by the clearly erroneous standard, there can be no doubt that the trial court reached a permissible conclusion.

One further asserted error requires brief comment. The court sustained defendants' objection to the offer of a report of the Grand Jury upon the ground

that it was immaterial. Plaintiff sought to stress the closing portion of the report which complimented assistant prosecutor Hutson for his services to the Grand Jury. Similar compliments were paid to the prosecutor, bailiff, court reporter and others. In our view, the Grand Jury report contained nothing whatever having any relevancy on the question of his arrest. No error was committed in excluding the exhibit. As we said in Hawkins v. Missouri Pacific R. R., 8 Cir., 188 F.2d 348, 351–352:

> "[T]he admission or exclusion of any evidence, as being properly relevant or being too remote, is in the federal courts a matter primarily for the trial court's judgment, and its rulings in this respect will not be disturbed except for clear and prejudicial abuse of discretion."

See Great American Ins. Co. v. Horab, 8 Cir., 309 F.2d 262.

A careful examination of the entire record satisfies us that the plaintiff has had in all respects a fair trial and that the court committed no prejudicial error in dismissing his complaint.

The judgment is affirmed.