Filed March 14, 1889.

---

No. 13,638.

VENEMAN *v.* JONES.

MUNICIPAL CORPORATION.—*Ordinance.*—*Regulation of Vehicles at Railroad Depot.*—A city has power to enact an ordinance authorizing police officers to prescribe the places where omnibuses, hacks and other vehicles shall stand at a railroad depot, and requiring drivers to obey the directions of such officers in regard to the places which their respective vehicles shall occupy.

SAME.—*False Imprisonment.*—*Inducing Officer to Make Arrest.*—*Justification.*—Where the place assigned the owner of a vehicle is taken possession of by another person, who refuses to vacate it upon request, the former is justified in representing the facts to a police officer, and is not liable for inciting an arrest where the officer, upon the continued violation of the ordinance in his presence, arrests the offending party.

From the Vanderburgh Circuit Court.

*C. L. Wedding,* for appellant.
*J. E. Williamson,* for appellee.

MITCHELL, J. — Jones complained of Veneman, and charged that the latter wrongfully caused the plaintiff to be arrested and falsely imprisoned by a police officer in the city of Evansville, by representing to the officer that he had violated certain ordinances of the city, and by demanding of the officer that he arrest the plaintiff. It is charged that, after causing him to be arrested and imprisoned, the defendant failed and refused to prefer any charge against the plaintiff, but that he was discharged without any accusation having been lodged against him.

The defendant answered, in substance, that, at and prior to the date of the arrest, there was in force in the city of Evansville a certain ordinance which authorized the depot marshal, or any police officer of the city, to prescribe or designate the place where hacks, coaches, omnibuses and other vehicles should stand while waiting for passengers at the railroad depot, and which prescribed certain penalties to which hackmen and others were liable who refused to conform to the directions of the officers named in the respects mentioned. It is averred that prior to the date of the arrest complained of, the proper officers, in obedience to the command of the ordinance, had designated certain space near the depot which was to be occupied by omnibuses, and certain other space for hacks, cabs and the like, and that the defendant was the owner of two omnibuses, and had certain space assigned him by the officers, which he was entitled to occupy with his horses and vehicles, and that on the day of the arrest complained of the plaintiff placed his cab on the space assigned to omnibuses, and thereby excluded the defendant's omnibus from the place assigned it. It is further averred that this was done in the presence of William McFarland, a police officer of the city, who requested the plaintiff to move his cab out of the position it then occupied,

which the plaintiff refused to do, but persisted in remaining in the place assigned to omnibuses, in violation of the city ordinance, for which violation, so committed, the officer above named arrested him, and that this was the same arrest complained of by the plaintiff in his complaint.   The court sustained a demurrer to the answer, and the propriety of this ruling is the only question involved in this appeal.

There is no brief for the appellee, and we are hence without information as to the theory upon which the court proceeded in holding the answer insufficient.

There can be no question but that the ordinance authorizing the depot marshal to prescribe the places where omnibuses, hacks and other vehicles should stand at the railroad depot, and requiring drivers to obey the directions of police officers in regard to the places which their respective vehicles should occupy, was a proper regulation, and one which the municipal authorities had the power to pass.   *City of St. Paul* v. *Smith*, 27 Minn. 364 ;   *Commonwealth* v. *Robertson*, 5 Cush. 438 ;   *Commonwealth* v. *Stodder*, 2 Cush. 562 ;   Horr & Bemis Munic. Ord., section 247.

Such regulations tend to the convenience of the general public by protecting persons from the annoying solicitations of hackmen and others, who, when acting without restraint, often confuse travellers, besides engendering strife and contention among themselves.

The ordinance being valid, it only remains that we inquire whether or not the defendant, whose privileges were being confessedly infringed by its violation, was justified in representing the fact to the police officer, and whether the officer, whose authority was defied, was justified in making the arrest, the plaintiff, as is confessed by the demurrer to the answer, being at the time in the persistent violation of the ordinance.

Among other things, the ordinance commands the depot marshal, or in his absence his deputy, or any member of the police force, to maintain order at the depot, and arrest and

Veneman v. Jones.

take before the recorder for examination any person who, in his view or cognizance, violates any of the provisions of the ordinance.

By the common law, so far as we are advised, such officers as depot marshals, or policemen, were unknown as conservators of the peace. But where officers, even though unknown as such to the common law, are expressly authorized by statute, or by a municipal ordinance duly enacted, to conserve the peace, they have all the common law authority of constables or peace officers, and may apprehend and take into custody those who violate the law or ordinances of a city in their presence, without warrant. *Wiltse* v. *Holt*, 95 Ind. 469, and cases cited; *State* v. *Freeman*, 86 N. C. 683; *Beville* v. *State*, 16 Texas App. 70; *State* v. *Holcomb*, 86 Mo. 371; 7 Am. & Eng. Ency. of Law, pp. 675–676.

To hold that officers charged with preserving the peace of a city, and who are especially commanded to arrest those who violate its ordinances within their view or cognizance, are nevertheless without power to that end, without a formal warrant, and that one whose personal rights are being defiantly invaded, in violation of an ordinance, may not invoke the aid of a peace officer who is near by, would effectually tie the hands of the officers, and compel others either to submit to the turbulent and lawless or maintain their rights as best they may.

It is to be observed that this is not an action against the officer for making a false arrest, nor is it charged that the defendant arrested and falsely imprisoned the plaintiff. The charge is that the defendant incited or induced the officer to arrest the plaintiff, by representing that he was violating a city ordinance, and by demanding of the officer that he arrest the plaintiff. The defendant justifies by answering that the plaintiff was at the time of his arrest actually violating a city ordinance in the view and presence of the officer who made the arrest. This presents a complete justification.

If one directs the attention of an officer to what he sup-

poses to be a breach of the peace, and the officer, without other direction, arrests the offender on his own responsibility for what he assumes to be an offence committed in his presence, the person who did nothing more than to communicate the facts to the officer is not liable for false imprisonment, even though the arrest was unlawful. *Taaffe* v. *Slevin*, 11 Mo. App. 507; *Lark* v. *Band*, 4 Mo. App. 186. Thus, where a policeman made an arrest upon an unfounded charge preferred by a third person, and not committed in the presence of the officer, Lord DENMAN said: "If the defendant directed the police officer to take the plaintiff into custody, he is liable in the present action for false imprisonment; but, if he merely made his statement to the constable, leaving it with the constable to act or not as he thought proper, * * then the defendant will not be liable, at least in this form of action." *Hopkins* v. *Crowe*, 7 Car. & P. 373.

One who merely states to an officer what he knows of a supposed offence, even though he expresses the opinion that there is ground for an arrest, "but without making any charge or requesting an arrest, does not thereby make himself liable in an action for illegal arrest." *Burns* v. *Erben*, 1 Robt. 555.

Where, however, a private person induces an officer to arrest another without a warrant, and without an offence having been committed in the view of the officer, he will be liable for false imprisonment unless he justify by showing that the charge was well founded. *Taaffe* v. *Slevin, supra; Rose* v. *Leggett*, 61 Mich. 445; *McGarrahan* v. *Lavers*, 3 Atl. Rep. (R. I.) 592; *Collett* v. *Foster*, 2 Hurl. & N. 356; *Griffin* v. *Coleman*, 4 Hurl. & N. 265; Cooley Torts (2d ed.), 202.

The answer in the present case was good for two reasons: (1) Because it shows that the plaintiff was arrested for violating an ordinance of the city of Evansville, and that the charge upon which he was arrested was well founded. (2) Because it distinctly charges that the arrest was made by a police officer for an offence alleged to have been committed

in the view and presence of the officer whose duty it was to make the arrest. If either hypothesis be proved the appellant is not liable. If the latter is proved he is not liable, even though the charge was not well founded.

The judgment is reversed, with costs.

Filed March 15, 1889.