[No. 6958. Decided November 14, 1907.]

P. J. PARKER, *Appellant*, v. J. F. MURPHY, *Respondent*.[1]

FALSE IMPRISONMENT—ACTION FOR DAMAGES—EVIDENCE—SUFFI-
CIENCY. In an action for damages for false imprisonment a verdict
is properly directed for the defendant, where it appears from plain-
tiff's testimony that his conduct laid himself open to the arrest com-
plained of, and the evidence fails to show that plaintiff instigated
the arrest itself or had knowledge thereof, but had only asked for
police protection.

Appeal from a judgment of the superior court for Pierce
county, Black, J., entered January 25, 1907, upon the ver-
dict of a jury rendered by direction of the court in favor of
the defendant, in an action for false imprisonment. Affirmed.

*J. W. A. Nichols*, for appellant.

*Boyle, Warburton, Quick & Brockway*, for respondent.

DUNBAR, J.—This was an action for false imprisonment.
The complaint alleged that, on the 29th day of September,
1906, at Tacoma, Washington, defendant unlawfully directed
and caused this plaintiff to be arrested, held and imprisoned,
kept and detained, and restrained of his liberty, without any
reasonable or probable cause, or any cause whatever, against
the will and consent of plaintiff, for the space of three days,
to plaintiff's damage, etc.

The answer denied the affirmative allegations of the com-
plaint; alleged that, at the time of the alleged false imprison-
ment, the plaintiff was working for the defendant as a clerk
in a store in Tacoma, and that on the 29th day of 'Septem-
ber, 1906, he discharged the plaintiff from his employment;
and that the plaintiff thereupon, and for the purpose of an-
noying and harassing the defendant, in the presence of
clerks and customers, became loud and boisterous in his de-

[1]Reported in 92 Pac. 371.

mands for immediate payment; and after going out of said store, returned after a short interval, and during the entire day until the evening thereof would return at short intervals repeating in a loud and boisterous manner his demands for immediate payment, and using toward defendant loud language, creating in each instance a disturbance in said store and disturbing the peace and quiet of the city of Tacoma, against the ordinances of the city of Tacoma in regard to the disturbance of the peace; that after defendant had repeatedly requested plaintiff to depart from his store and remain away, and had warned him that, if he persisted in his boisterous conduct he would have to remove him from the store, and that after the plaintiff, notwithstanding said request, persisted in said boisterous conduct, the defendant requested the police authorities of the city of Tacoma to come to the store of the defendant and remove the plaintiff from said store; and alleges that two of the police authorities of the city of Tacoma did come in obedience to such request and did remove the plaintiff from the store of the defendant; denies that he instructed the officers to cause any arrest of said plaintiff, or that said plaintiff was arrested at the instance or request of this defendant; but alleges that he is informed and believes that, after the plaintiff was removed from the store of the defendant by the said police officers, in the presence of said police officers, the plaintiff made threats towards and against the defendant and again returned to the store, and thereupon said officers did take said plaintiff into custody without the defendant's knowledge; but that the defendant was not aware until a long time afterwards that said arrest was in fact made, and had no knowledge in regard to his arrest and detention; denies that the plaintiff was held and imprisoned, restrained of his liberty, etc.

Upon the close of plaintiff's testimony, which consisted exclusively of the testimony of the plaintiff, the court, in response to a motion to direct the jury to bring in a verdict

for the defendant on the ground that the plaintiff had failed to establish a case by any evidence at all, did so instruct the jury. A verdict was rendered in accordance with such instruction, and judgment was entered in favor of the defendant and against plaintiff for the costs of the action. From this judgment, this appeal is taken.

From a reading of the testimony in this case, which is brief, it is difficult to see how any other disposition could have been made of the case than that which was made by the trial court, for the testimony of the plaintiff conclusively proves the truth of the allegations made in the answer. The plaintiff, upon his discharge and upon the refusal of the defendant to immediately pay him what was due him for services, immediately became persistent, boisterous, and insulting; and whatever may have been his civil rights in relation to the immediate collection of his debt, the defendant having postponed the payment of it until ten o'clock that evening, his own testimony showed that he was actuated by a desire to harass and insult the defendant rather than to collect the money which was due him.

The testimony also absolutely fails to show that he was arrested at the instance or request of the defendant. Upon plaintiff persisting in his boisterous and insulting conduct, the defendant, as he had a right to do, asked the police for protection, and that plaintiff be removed from his store. Having done this, there is no testimony tending to show that the defendant interested himself further in the matter, but it does show that after the officers had put the plaintiff out of the store, he again returned and resumed his boisterous conduct, and that the police on their own motion arrested him and took him to the city hall where he gave security for his appearance the next Monday morning. And this arrest was not made until after the officers had informed him that he would be arrested if he returned and resumed his boisterous conduct.

There seems to be an absolute failure of testimony to sub-

stantiate the allegations of the complaint, and the judgment will therefore be affirmed.

Mount, Fullerton, Rudkin, and Root, JJ., concur.

Hadley, C. J. and Crow, J., took no part.