[No. 20243. Department Two. February 1, 1927.]

John Larson, *Appellant,* v. Andrew Erickson, *Respondent.*[1]

[1] False Imprisonment (1, 6)—Arrest Without Warrant—Presumption and Burden of Proof. In an action for false imprisonment, an arrest without a warrant is presumed unlawful, and casts the burden on defendant of proving a justification.

[2] Same (6)—Evidence of Participation—Sufficiency. Defendant's participation in a false imprisonment is shown where it appears that, after investigation of the facts and disbelief in the truth of defendant's statements as to an incident, he pointed out defendant to police officers who thereupon arrested him without a warrant, despite defendant's demand that plaintiff inform the officer of the facts.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered March 22, 1926, in favor of the defendant, upon dismissing an action for damages for false imprisonment at the close of the plaintiff's case. Reversed.

*P. L. Pendleton,* for appellant.
*Troy & Yantis,* for respondent.

Askren, J.—This is an action for false arrest and imprisonment. The evidence of plaintiff showed that he was employed in November, 1924, as a hotel clerk in the city of Tacoma; that, three or four days prior

[1]Reported in 252 Pac. 922.

thereto, one Martin Erickson, brother of the defendant, while at the hotel where plaintiff worked, fell and hurt his head; that plaintiff notified the defendant who lived in Thurston county; that the defendant came to Tacoma and inquired of the plaintiff the facts concerning the fall, none of which incriminated the plaintiff; that at that time he was given the names of other persons who were present at the time of the accident; that defendant talked with at least one of the witnesses who gave him the same version of the accident; that two days later the defendant, accompanied by two policemen, came to the hotel and the defendant pointed to the plaintiff and said to the policemen "that is him"; whereupon the policemen arrested the plaintiff without a warrant and took him to the police station; that, upon his arrival the defendant, who spoke the same mother tongue as the plaintiff, told him several times to "tell the officers the truth," and, upon being told that the plaintiff had already told the truth, the defendant again insisted that he tell the officers the truth. The following day a complaint was filed against the plaintiff by a deputy prosecutor, but dismissed without trial.

The plaintiff then brought this action against the defendant. The policemen were not made parties. At the close of the plaintiff's testimony which we have set out, the defendant moved for a dismissal of the action, which was sustained by the trial court, and this appeal resulted.

[1] It is well established law that whenever arrest or imprisonment is shown without a warrant, it is presumed to be unlawful and the burden rests on the person causing the detention to justify his action.

"The imprisonment having been established, the law presumes that it was unlawful, and the burden of proving justification rests upon the defendant. 25 C. J. 539."

*Barker v. Anderson,* 81 Mich. 508, 45 N. W. 1108; *People v. McGrew,* 77 Cal. 570, 20 Pac. 92; *Black v. Marsh,* 31 Ind. App. 53, 67 N. E. 201; *Sigmon v. Shell,* 165 N. C. 582, 585, 81 S. E. 739; *Thompson v. Bucholz,* 107 Mo. App. 121, 81 S. W. 490.

In *Thompson v. Bucholz, supra,* the court said:

"A plaintiff, in this character of action, makes out his case when he shows that he was intentionally detained as a prisoner by the defendant, without any warrant therefor, and is not required to prove malice or want of probable cause. *Boeger v. Langenberg,* 97 Mo. 390, 11 S. W. 223; *McCaskey v. Garrett,* 91 Mo. App. 354."

[2] It follows, therefore, that if the respondent participated in the arrest without a warrant, the burden was upon him to establish justification therefor. The question of participation is the crucial one in this case, and its answer depends upon whether the evidence offered by appellant was sufficient to make a *prima facie* case. We are of the opinion that it was. The trial court took the view that the only thing done by the respondent was to point out the appellant to the officers and say "That is him," and that the words so used were nothing more than an identification of the individual, and disclosed no actual participation in securing the arrest and imprisonment. It may be that, if this was all the evidence disclosed, we would hold the same view. But the evidence showed an investigation by the respondent of the facts concerning the accident, then the arrest, and this followed by going immediately to the police station and insisting upon appellant telling the truth to the officers. This showed a clear disbelief in the original story of the accident given by appellant. Such a disbelief, coupled with his presence at the arrest, his pointing out of the appellant and his presence at the police station, were all matters from which a jury, in

the absence of any other testimony, might well have concluded showed his participation in securing the unlawful arrest. It is for the jury to determine from the evidence adduced whether the respondent participated in the unlawful arrest. 25 C. J. 548.

Respondent has devoted much of his brief to the question of probable cause, insisting that appellant must show that there was no probable cause justifying the officers in making the arrest without a warrant. But, as we have seen under unanimous authority, the burden is on the respondent instead of the appellant. We are not here concerned with the question of the later filing of a complaint as to whether it was properly or improperly issued, the case being predicated upon the original alleged unlawful arrest.

The cause is reversed, with instructions to grant a new trial.

MACKINTOSH, C. J., PARKER, TOLMAN, and BRIDGES, JJ., concur.