[No. 3375-43281-1.    Division One.    December 15, 1975.]

WILLIAM L. McCORD, *Appellant*, v. GEORGE P. TIELSCH, ET AL, *Defendants*, GLYNN ROSS, ET AL, *Respondents*.

*Schroeter, Jackson, Goldmark & Bender, Roger M. Leed,* and *Steven M. Rosen,* for appellant.

*McMullen, Brooke, Knapp & Grenier, Donald Stuart, E. H. Knapp, Jr., Davis, Wright, Todd, Riese & Jones,* and *Michael R. Green,* for respondents.

SWANSON, J.—William L. McCord appeals from a partial summary judgment dismissing his claims against the Seattle Opera Association and its general director, Glynn Ross. We affirm.

▮ Considering the material evidence and all reasonable inferences therefrom most favorably to the nonmoving party, *Balise v. Underwood,* 62 Wn.2d 195, 199, 381 P.2d 966 (1963), the incident occurred as follows: The Seattle Opera Association rented the Seattle Center Opera House for a

performance of the Joffrey Ballet on June 15, 1972. Prior to the performance, McCord stationed himself outside the entrance of the Opera House, on the grounds of the Seattle Center, where he solicited signatures for an initiative petition as people arrived for the performance of the ballet. A security guard observed McCord and notified Ross, who directed the guard to ask McCord to move further away from the entrance. The guard told McCord to move, but he declined to do so. This the guard reported to Ross, who asked two Seattle policemen for assistance, informing them that a man was causing a disturbance in an area rented by the Opera Association and had refused to move when requested to do so by the security guard. Ross directed the police to where McCord was standing and then left to attend to other duties. The police observed McCord for a few minutes, then approached him, identified themselves as police officers, told McCord he was in an area rented by and under the control of the Opera Association, and asked him to move out to the sidewalk. McCord refused to move; when the same response followed a repetition of the officers' request, McCord was arrested and booked for trespassing, then prosecuted and acquitted on a charge of disturbing the peace.

McCord brought this action for damages, contending that the Opera Association's lease. did not cover the area in which he was soliciting signatures and alleging claims for assault, false imprisonment, malicious prosecution, and, under 42 U.S.C. §§ 1983, 1985 (1974), violation of his constitutional rights. After hearing, the trial court determined that Ross and the Opera Association were entitled to dismissal as a matter of law and granted their motion for summary judgment.[1] On this appeal McCord presses only

[1]The complaint named as defendants Ross, the Seattle Opera Association, the arresting officers, the Chief of Police, and the City of Seattle. The judgment from which this appeal is taken dismissed only the claims against Ross and the Opera Association. Since the trial judge expressly determined there to be no just reason to delay the entry of judgment and expressly directed the entry of judgment, this judgment

his claims for false imprisonment and violation of 42 U.S.C. §§ 1983, 1985.

One is subject to liability for the unlawful arrest of another if he invites or participates in the arrest. *See Smith v. Drew*, 175 Wash. 11, 21, 26 P.2d 1040 (1933). McCord contends that it was error to dismiss his claim for false imprisonment because this record "leads to the conclusion that not only did defendant Ross instigate or participate in the unlawful arrest, but also that he supplied misleading information which caused the police officers to effect an arrest." Although we assume, without deciding, that the Opera Association's lease did not cover the area in which McCord was standing and that his arrest was unlawful, we disagree.

The Washington Supreme Court dealt with facts similar to those presented by the instant case in *Parker v. Murphy*, 47 Wash. 558, 92 P. 371 (1907). There the defendant called police and asked that the plaintiff be removed from his store. Having done so, he interested himself no further in the matter. After officers had put the plaintiff out of the store, he returned, and the police then, on their own motion, arrested him. The Supreme Court affirmed a directed verdict for the defendant, holding that the evidence absolutely failed to show that the plaintiff "was arrested at the instance or request of the defendant." *Parker v. Murphy, supra* at 560. We think *Parker* and the other Washington cases[2] evince a rule that liability will not be imposed when the defendant does nothing more than detail his version of the facts to a policeman and ask for his assistance, leaving it to the officer to determine what is the appropriate response, at least where his representation of the facts does not prevent the intelligent exercise of the officer's discretion. *Accord, Snider v. Wimberly*, 357 Mo. 491, 209 S.W.2d 239 (1948); *Davis v. Weil Clothing Co.*, 367 S.W.2d 19 (Mo. App. 1963); *Jensen v. Barnett*, 178 Neb.

---

can form the basis of an appeal pursuant to CR 54(b). *Schiffman v. Hanson Excavating Co.*, 82 Wn.2d 681, 689, 513 P.2d 29 (1973).

[2] *Smith v. Drew, supra*; *Larson v. Erickson*, 142 Wash. 236, 252 P. 922 (1927); *Ton v. Stetson*, 43 Wash. 471, 86 P. 668 (1906).

429, 134 N.W.2d 53 (1965); *Pearson v. Galvin*, 253 Ore. 331, 454 P.2d 638 (1969). *See also* 32 Am. Jur. 2d *False Imprisonment* § 35 (1967); Annot., 21 A.L.R.2d 643 (1952); 1 F. Harper & F. James, *The Law of Torts* §§ 3.18, 4.11 (1956); Restatement (Second) of Torts § 45A (1965). This rule and its application are founded on public policy, not semantics. As the court explained in *Vimont v. S.S. Kresge Co.*, 291 S.W. 159, 160 (Mo. App. 1927), a case cited as authority for the holding in *Smith v. Drew, supra,*

> To hold to the contrary would entirely destroy the right of the humble citizen, to whom the patrolman on the beat or the town marshal or village constable represents the majesty of the law and to whom for many reasons the advice of counsel may be unavailable, to tell his troubles and difficulties to such officer, and to trust to the power and discretion of the legally constituted authorities to secure for him the rights which the law guarantees him.

*Accord, Turner v. Mellon*, 41 Cal. 2d 45, 257 P.2d 15, 17-18 (1953).

There is no evidence to indicate that Ross suggested, contemplated, or approved of the arrest, or that he even knew of it until after McCord had already been transported to the police station. He simply asked the police to "assist his security personnel in taking care of the problem that was out front." Even assuming, as we do here, that the officers' reliance on Ross' interpretation of the lease was misplaced, they were left with a range of reasonable options for action, including further investigation, short of making an immediate arrest. On this record, reasonable men could not conclude that Ross invited the officers to respond to McCord's presence by arresting him; neither could they conclude that Ross' erroneous statement as to the coverage of the Opera Association's lease precluded the intelligent exercise of the officers' discretion. Summary judgment was therefore properly granted on the claim for false imprisonment. *Balise v. Underwood*, 62 Wn.2d 195, 199, 381 P.2d 966 (1963).

McCord contends on appeal that he may recover

under 42 U.S.C. §§ 1983, 1985 without showing that Ross' acts amounted to a common-law tort such as false imprisonment. However, McCord's theory before the trial court was that the motion for summary judgment was well taken as to both claims if Ross did not "request, instigate, or induce" his arrest. Since we will consider a case only on the theory upon which it was presented in the trial court, *Browning v. Johnson*, 70 Wn.2d 145, 152, 422 P.2d 314 (1967), our ruling on the false imprisonment claim is dispositive.

Affirmed.

WILLIAMS, C.J., and CALLOW, J., concur.

Petition for rehearing denied May 6, 1976.