**HEALTH & HOSPITAL CORPORATION OF MARION COUNTY; Marion County General Hospital; The City of Indianapolis; Sam Drake; R. Ward; Timothy Cravens; Major Wolff; C. La Follette; C. Osbourn; and Unknown Persons, Individually and as Police Officers in the Police Department of the City of Indianapolis, Indiana, Appellants (Defendants below),**

v.

**George W. GAITHER, Appellee (Plaintiff below).**

No. 1279S336.

Supreme Court of Indiana.

Dec. 4, 1979.

Stephen Goldsmith, William L. Soards, Soards & Carroll, Indianapolis, for appellant, City of Indianapolis.

Joe Tipton, Frank E. Spencer, George H. Doane, Jr., Indianapolis, for appellee.

HUNTER, Justice.

This case is before this Court on the petition to transfer of the plaintiff-appellee-petitioner, George W. Gaither. On September 30, 1976, a jury in the Marion Superior Court rendered a verdict in favor of plaintiff Gaither and against the defendant-appellant-respondent, City of Indianapolis, in the amount of $17,500. Defendant appealed the judgment of the trial court and the Court of Appeals, Second District, reversed and remanded the cause to the trial court for further proceedings. We grant transfer and vacate the opinion of the Court of Appeals.

The relevant facts most favorable to the party prevailing at trial follow.

On May 5, 1970, plaintiff was at his place of employment in Indianapolis. After lunch, plaintiff experienced problems in speaking and became somewhat confused. He got into his car and proceeded to drive home, but hit another car. A police officer arrived on the scene and asked plaintiff for his driver's license. Plaintiff stated that his left arm and leg were weak, but that he had had nothing to drink. The police officer charged plaintiff with reckless driving, drunk driving, disorderly conduct and public intoxication, put plaintiff in the patrol car and took him downtown. At the police station, plaintiff was given two breathalyzer tests; in each instance, the results were negative. Thereafter plaintiff was put in a cell, taken to Marion County General Hospital where he was shackled to a bed and received no treatment, taken back to the lockup and again taken to General Hospital and again received no treatment. While in police custody, plaintiff was pushed and shoved and one officer grabbed his collar, tearing his coat. After approximately eight hours of detention, plaintiff was released from General Hospital. His wife took him to Community Hospital where doctors determined that plaintiff had had a stroke and hospitalized plaintiff for eleven days.

Plaintiff brought suit against defendant and others alleging false arrest, false imprisonment, assault and medical malpractice. The matters involving the alleged malpractice on the part of the Marion County Health & Hospital Corporation and Marion County General Hospital were settled out of court. At the end of the trial, only the City of Indianapolis and two police officers remained as defendants. The jury returned a verdict against only defendant City of Indianapolis.

The Court of Appeals reversed the judgment of the trial court on the issue of notice. Plaintiff filed notice to the City of Indianapolis on July 8, 1970, sixty-four days

after the incident. The Court of Appeals reasoned that since Burns Ind.Stat.Ann. § 48–8001 (Supp. 1971), IC (1971) 18–2–2–1 provides that notice of the occurrence which is the subject of an action against a municipality shall be given within sixty days of that occurrence, notice was not timely filed.

At trial, defendant attempted to raise the notice issue five times:

1. In its answer to the complaint on June 16, 1972, defendant alleged "proper notice of plaintiff's claim was not served upon the City of Indianapolis as required by the statute." Plaintiff was granted leave to file an amended complaint and defendant filed its answer to the amended complaint but did not raise the affirmative defense of untimely notice. Failure to give notice is a defense which a city must assert in its answer to the plaintiff's complaint. *Thompson v. City of Aurora*, (1975) 263 Ind. 187, 325 N.E.2d 839.[1] The answer to the amended complaint replaced the earlier answer and therefore issues raised in the earlier answer and not included in the second answer were not before the trial court.

2. On November 18, 1974, defendant filed a motion for summary judgment alleging untimely notice. Summary judgment must be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind.R.Tr.P. 56. The affidavit of plaintiff attached to his brief in opposition to the motion for summary judgment indicated that plaintiff was unable to comply with the statute by reason of his inability to communicate after his stroke on May 5, 1970, until about July 6 or 7, 1970. A plaintiff who is mentally and physically incapacitated so that he cannot give notice as required by the statute shall have a reasonable time after such disability is removed within which to file the notice to the city. *City of Fort Wayne v. Cameron*, (1977) 267 Ind. 329, 370 N.E.2d 338. Therefore, there was a serious issue as to a material fact, incapacity, which prevented summary judgment on defendant's motion.

3. Defendant filed an unverified motion to dismiss alleging untimely notice. This motion to dismiss was denied by the trial court. Defendant filed the motion under Ind.R.Tr.P. 12(B)(6). Ind.R.Tr.P. 12(B) provided as follows:

"If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Since there was an unresolved issue of material fact as outlined above, the unverified motion to dismiss was properly denied.

4. The report of the pretrial conference filed by the attorneys contained no mention of the notice issue. Therefore, by the day of trial, September 28, 1976, the issues were closed. On the day of trial, defendant moved to amend its answer to include the issue of notice without alleging compelling justification to do so. This motion was properly denied. *Selvia v. Reitmeyer*, (1973) 156 Ind.App. 203, 295 N.E.2d 869. Ind.R.Tr.P. 15(A) provides in part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, *and the action has not been placed upon the trial calendar*, he may so amend it at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires." [Emphasis added.]

Regarding amendments to pleadings under the circumstances of this case, the Court of Appeals has held:

---

1. For a more complete discussion of the effect of the Indiana Rules of Trial Procedure in this area see the discussion in issue III of *Thompson v. City of Aurora, supra*, 263 Ind. at 193–5, 325 N.E.2d at 843–4.

"The matter of permitting the opening of the issues for the purpose of filing additional pleadings and amending pleadings after the issues are closed is within the sound legal discretion of the trial court. Unless it is shown that there has been an abuse of such discretion, with prejudice resulting to appellant, it will be presumed that there was no error." *Moore v. Boxman*, (1969) 144 Ind.App. 252, 261, 245 N.E.2d 866, 871; *Spangler v. Armstrong Rubber Co.*, (1962) 133 Ind.App. 411, 413, 178 N.E.2d 764, 765.

5. At the end of the trial defendant included lack of timely notice as a ground for motion for judgment on the evidence. From the above analysis of the procedural record, it is clear that there was no valid issue of notice remaining on the day of trial. Accordingly the trial court denied the motion for judgment on the evidence at the end of trial.

The Court of Appeals in the instant case reversed the judgment of the trial court and remanded the cause for further proceedings on the notice issue. The Court of Appeals has apparently decided, by implication, a new question of law: that an appellate court can remand a cause for a hearing to determine a disputed issue of fact on a motion for summary judgment or a motion to amend an answer after the issues had been closed and without finding any error or abuse of discretion at the trial court. For this reason, we vacate the judgment of the Court of Appeals.

Defendant City of Indianapolis presents several other issues which were not decided by the Court of Appeals, which we have consolidated into the following issues for review:

1. Whether the trial court erred in overruling defendant's motion to produce;

2. Whether the trial court erred in instructing the jury as to the arrest of plaintiff;

3. Whether the trial court erred in instructing the jury as to the doctrine of *respondeat superior* ;

4. Whether the trial court erred in refusing to give defendant's tendered instruction number nine;

5. Whether the verdicts of the jury are irreconcilably inconsistent and, therefore, contrary to law; and

6. Whether the verdict of the jury and judgment of the trial court are supported by sufficient evidence.

I.

On the fourth day of trial, plaintiff settled his claim against the Health & Hospital Corporation of Marion County and Marion County General Hospital, apparently through a loan receipt agreement. Defendant City of Indianapolis sought to obtain a copy of this agreement through a motion to produce. This motion was made at the end of the trial. It appears from the record, however, that a more timely motion was attempted off the record and the judge indicated such a motion would be denied. The formal motion at the end of the trial was for purposes of the record only. The record does not reveal the timing of the original move by defendant. We will not treat this issue as waived, however.

Defendant claims the agreement between plaintiff and two defendants should have been produced and admitted at trial. Defendant cites three cases as authority for the proposition that such agreements are discoverable and admissible at trial. *Burkett v. Crulo Trucking Company*, (1976) Ind.App., 355 N.E.2d 253; *Ward v. Ochoa*, (1973) (Fla.), 284 So.2d 385; *Trampe v. Wisconsin Telephone Co.*, (1934) 214 Wis. 210, 252 N.W. 675. The Court of Appeals in *Burkett* noted that:

"Non-disclosure of an agreement between a plaintiff and co-defendant has been of particular concern to the courts." 355 N.E.2d at 260.

However, in all three of the above cases, the defendant participating in the agreement with the plaintiff remained a party to the litigation after the agreement was executed. The Wisconsin Supreme Court in *Trampe, supra,* held:

"The deliberate withholding of information of the existence of the settlement of important matters so clearly imposed a fictitious suit upon the court that we are bound to hold that it impeded the regular administration of justice, that it resulted in the trial of issues which were not real, and the action should be dismissed." 214 Wis. at 218, 252 N.W. at 678.

The purpose of requiring scrutiny of agreements of this nature is to "insure that a non-participating co-defendant is not deprived of his right to a fair trial." *Burkett v. Crulo Trucking Company, supra,* 355 N.E.2d at 261. The remedy for such a co-defendant is to introduce the agreement into evidence so that a conflict of interest will come to the jury's attention or to move for a severance. *Ward v. Ochoa, supra.*

In the case at bar, defendants Health & Hospital Corporation and Marion County General Hospital were dismissed from the action after they entered into the agreement with plaintiff. A "severance" was in fact accomplished. We do not believe that the above line of authority is applicable in this case. Defendant city was not forced to stand trial with a co-defendant interested in maximizing the city's liability. Furthermore, the evidence shows that the issues were not the same as to defendant city and the health care defendants in the first place. All of the evidence pointing toward false arrest, false imprisonment and assault point toward defendant city. Only Indianapolis police arrested plaintiff, jailed plaintiff, shackled plaintiff to a hospital bed and assaulted plaintiff. Medical negligence charges against defendant city were thrown out at the close of the evidence. Defendant city could not have conducted a better defense as to that theory of the case had it been informed of the details of the loan receipt agreement.

The only purpose behind putting the agreement in evidence would be to inform the jury that plaintiff had already received satisfaction for his injury. This would be unjust. That information would have an effect upon the jury similar to informing a jury of a defendant's liability insurance cov-

erage, which is not permissible in this state. *Pickett v. Kolb,* (1968) 250 Ind. 449, 237 N.E.2d 105; *Martin v. Lilly,* (1919) 188 Ind. 139, 121 N.E. 443. The trial court did not err in denying defendant's motion to produce.

## II.

Defendant claims that the court erred in giving one of plaintiff's tendered instructions and refusing to give three of its own regarding the arrest of George Gaither. Defendant contends that the following instruction misstates the law:

"When a person has been arrested without a warrant, he should be released as soon as the arresting authorities are satisfied that he is not guilty of the offenses for which he was arrested."

Defendant claims that there is no law in Indiana which requires the release of a person who has been arrested. We do not see what that has to do with the above instruction. The instruction states that the police *should* release a person under certain circumstances and is in accord with *Harness v. Steele,* (1902) 159 Ind. 286, 64 N.E. 875. Defendant contends that the release of a prisoner is up to the prosecutor or the court and is not a "burden" placed on the police officer. To say that it is not incumbent upon a police department to act upon the realization of its own mistake is to relieve that department of not a burden but a civil duty owed to a suspect. We find the instruction to be a correct statement of law.

Defendant claims that the court erred in refusing three instructions on probable cause and liability. However, the substance of these instructions was covered in the court's final instructions No. 3 (R. 359), No. 6 (R. 361) and No. 8 (R. 362). Accordingly, the tendered instructions were not improperly refused. *McFarland v. State,* (1979) Ind., 390 N.E.2d 989.

## III.

Defendant assigns as error the giving of the following instruction:

"If an employee in the course and scope of his employment negligently and wilful-

ly commits an assault, an assault and battery, or falsely imprisons an innocent person, his employer is liable.

"Therefore, if you find from a preponderance of the evidence in this case that any officer, agent or employee of Indianapolis, acting within the scope of his employment, committed an assault, an assault and battery, falsely imprisoned, George Gaither, without legal justification then the employer of such employee, or employees, is liable for such assault, assault and battery, or false imprisonment."

This instruction is substantially similar to the instruction approved in *Grand Rapids & Indiana Railway Company v. King*, (1908) 41 Ind.App. 701, 83 N.E. 778. We find that the instruction is a correct statement of the law.

### IV.

Defendant contends that the trial court erred in refusing to give defendant's tendered instruction number nine as follows:

"The fact that the Court gives you an instruction on the subject of Plaintiff's damages or that counsel has discussed such subject is not to be taken by you as any intimation by the Court that the Plaintiff was injured or sustained damages or that the defendants are liable for the damages complained of.

"The burden of proof on the issue of damages is upon the plaintiff and must be based on the evidence and not guess or speculation."

In its final instruction No. 3 (R. 350), the trial court instructed the jury in part as follows:

"The Court in its rulings and instructions did not, and does not now, intend to express any opinion as to any question of fact, such questions being exclusively for your determination."

Again the substance of defendant's tendered instruction was covered by another instruction.

### V.

The jury in the case at bar returned a verdict in favor of the only two Indianapolis police officers remaining in the case and a verdict against defendant city. Defendant claims that these two verdicts are irreconcilably inconsistent and are, therefore, contrary to law.

██ It is true that a judgment in favor of an employee requires judgment in favor of his employer when the employer's liability is predicated solely upon the acts of said employee. *Estes v. Hancock Co. Bank*, (1972) 259 Ind. 542, 289 N.E.2d 728. The purpose behind this rule has been stated as follows:

"Under [the doctrine of *respondeat superior*], if the master is held liable, he has a right of action against his servant for indemnity, and such right would be defeated by a verdict and judgment which released the servant." *Childress v. Lake Erie & W. R. Co.*, (1914) 182 Ind. 251, 256, 105 N.E. 467, 469.

However, a finding in favor of one or more specific employees does not necessarily preclude recovery against the principal

"where the evidence shows that the negligence of another servant who is not joined as a party, or who if joined as a party is not exonerated by the verdict, has caused the injury." *Estes v. Hancock Co. Bank*, (1972) 259 Ind. 542, 546, 289 N.E.2d 728, 730; *Inter State Motor Freight System v. Henry*, (1942) 111 Ind. App. 179, 188, 38 N.E.2d 909, 912.

██ The complaint in the instant case lists several defendants including six named Indianapolis police officers and

"UNKNOWN PERSONS, Individually and as Police Officers in the Police Department of the City of Indianapolis, Indiana."

The jury could well have found that the acts of some unnamed police officers were the basis for liability in this case. The jurors could have believed, given plaintiff's condition at the time of his ordeal with the police, that plaintiff had misidentified certain police officers. The jurors could have found that while the acts of an individual officer were not sufficient to hold him liable, the acts of several officers, named or

unnamed, were in their cumulative effect sufficient to hold defendant city liable. We will not upset a verdict by speculation or inquiry into the motivations of a jury. *Marsh v. State,* (1979) Ind., 393 N.E.2d 757. From the record, we find that there is substantial evidence which establishes that the verdicts of the jury are consistent.

## VI.

The jury returned a general verdict against defendant city. The verdict does not set out the liability on each theory of recovery, false arrest, false imprisonment and assault. Defendant claims that the evidence was insufficient to support any of the theories of recovery.

Defendant makes a strong argument in support of its contention that its arresting officer had probable cause to arrest George Gaither. However, defendant does not convince this Court that the evidence in this case is insufficient as a matter of law to carry plaintiff's burden of proof by a preponderance of the evidence on the false imprisonment theory.

> "If the person arrested is detained or held by the officer for a longer period of time than is required, under the circumstances, without such warrant or authority, he will have a cause of action for false imprisonment against the officer and all others by whom he has been unlawfully detained or held." *Harness v. Steele,* (1902) 159 Ind. 286, 295, 64 N.E. 875, 878-9.

Defendant, in its brief, makes the following claim:

> "The undisputed and uncontroverted testimony in this case shows that [Plaintiff]-Appellee was never physically abused or mistreated by the Defendant-Appellant City of Indianapolis, or any of its police officers."

The city seems to be asking this Court to ignore the testimony of George Gaither, which we cannot do. Weighing the evidence and credibility of witnesses is within the province of the jury.

For the foregoing reasons, the judgment of the Court of Appeals is vacated and the judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.